**In re Stephen H. SUDDUTH, Debtor.**

**Bankruptcy No. 80–02872A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

March 5, 1981.

---

Douglas P. Roberto, Asst. U. S. Atty., Atlanta, Ga., for petitioner.

Joel E. Dodson, James, Johnson & Dodson, Douglasville, Ga., for respondent.

## ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

On October 28, 1980, the United States of America, by and through the United States Attorney for the Northern District of Georgia, filed a motion on behalf of the Veterans Administration to deny confirmation of the debtor's proposed Chapter 13 plan on the basis that the Veterans Administration holds an unsecured claim in the amount of $594.73 representing an overpayment of educational assistance benefits procured by the debtor through fraud. The United States further alleges that in bankruptcy proceedings under Chapter 7 this indebtedness would be nondischargeable under 11 U.S.C. § 523(a)(2) and (6). Since the proposed Chapter 13 plan would pay dividends to creditors in the amount of 20% of their allowed unsecured claims, the United States alleges that the plan is not proposed in good faith as required by 11 U.S.C. § 1325(a) and that the United States would not receive the liquidation value of its claim since its obligation would be nondischargeable under a Chapter 7 proceeding.

The Court finds that it must overrule the objection of the United States and confirm the debtor's plan. With respect to the allegation that the proposed plan fails to comply with 11 U.S.C. § 1325(a)(4) by failing to provide for the distribution of an amount equal to the liquidation value of the claim of the United States because the claim of the United States might be nondischargeable, this Court adopts the reasoning of the Honorable Hugh Robinson whereby he reached the following conclusion:

"This Court concludes that the issue of nondischargeability of a debt is not relevant to the determination of whether a Chapter 13 plan complies with § 1325(a)(4)." *Fidelity National Bank v. Walsey, Trell, and Plowden, Trustee,* 7 B.R. 779, 782 (Bkrtcy. N.D.Ga., 1980).

The Court also overrules the objection of the United States which is based on the argument that the plan in question is not proposed in good faith as required by 11 U.S.C. § 1325(a)(3). The United States alleges that:

"The lack of good faith of this plan is demonstrated by the insignificant payment to unsecured creditors, the submission of small percentage of the debtor's disposable income to the plan, the significant amount of excess disposable earnings withheld by the debtor and the fact that it seeks to avoid the non-dischargeability of the indebtedness to the United States that would be available under Chapter 7." Memorandum of Points and Authorities, page 2.

However, the Court does not find these allegations material to a determination of the good faith of the proposed plan.

"Two elements seem inherent in 'good faith' with respect to the debtor's responsibility in proposing a plan, to wit: (1) honesty and purpose, and (2) full disclosure of the relevant facts." *In the Matter of Wiggles*, 7 B.R. 373, 6 BCD 1326, 1330 (Bkrtcy. N.D.Ga.1980) [footnotes omitted].

The United States alleges neither that the disclosure made by the debtor was incomplete nor that the debtor is attempting to use the bankruptcy law as a part of a scheme to supply a judicial "cover for a fraudulent design." *Shapiro v. Wilgus*, 287 U.S. 348, 355, 53 S.Ct. 142, 144, 77 L.Ed. 355 (1932). Therefore, the Court finds the objection of the United States to be invalid under current law.

The United States, additionally, points to the proposed Technical Amendments Act currently pending in Congress as evidence of the intent of Congress that the current bankruptcy law be changed. While the Court realizes that the provisions of the current law have been interpreted inconsistently by the various Bankruptcy Courts of the country and feels that the early enactment of the Technical Amendments Act would contribute substantially to uniform interpretation of the confirmation standards for Chapter 13 plans, the Court also notes that uniformity of interpretation within this District is a value to be furthered. Until Congress or a higher court provides additional guidance, this Court will follow what it perceives to be the rule in the Northern District of Georgia. Therefore, it is hereby

ORDERED AND ADJUDGED that the objection of the United States to the confirmation of this proposed plan shall be and is overruled and the plan is confirmed.